In the Matter of MATTHEW J. DISERIO, a Justice of the Domestic Relations Court of the City of New York.

First Department, May 3, 1955.

*Per Curiam.* The attention of the court has been called to an alleged violation of the Special Rule of this court and of the Canons of Judicial Ethics of the American Bar Association*, respecting the improper publicizing of court proceedings, by MATTHEW J. DISERIO, a Justice of the Domestic Relations Court of the City of New York, sitting in Bronx Children's Court on March 30, 1955.

This court has before it a written statement by the Presiding Justice of the Domestic Relations Court and a written statement of Justice DISERIO respecting the occurrence complained of. It is clear from these statements that there was a violation by Justice DISERIO of the rule and canon, as well as of an executive order of the Presiding Justice of the Domestic Relations Court of like import and effect.

We are satisfied from Justice DISERIO's statement that he was unfamiliar with the rule of this court and with the canon, although we assume he was familiar with the executive order of the Presiding Justice of his own court. We appreciate the mitigating circumstances to which Justice DISERIO refers in his statement and are therefore moved, although disapproving his conduct, to take no disciplinary action.

We state for the information and guidance of all the justices of the courts in the First Department that the rule of this court

---

* The Special Rule provides: " The taking of photographs in a court room or the broadcasting or telecasting from a court room at any time or on any occasion, whether or not the court is in session, unless permission of the Appellate Division is first obtained, is forbidden."

Canon 35 reads as follows: " Proceedings in court should be conducted with fitting dignity and decorum. The taking of photographs in the courtroom, during sessions of the court or recesses between sessions, and the broadcasting or televising of court proceedings are calculated to detract from the essential dignity of the proceedings, distract the witness in giving his testimony, degrade the court, and create misconceptions with respect thereto in the mind of the public and should not be permitted."

against the improper publicizing of court proceedings is a firm rule applicable to all the courts in this department and we enjoin upon all the justices of these courts a strict observance of the rule.

PECK, P. J., COHN, CALLAHAN, BREITEL, BASTOW, BOTEIN and RABIN, JJ., concur.